**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ADDICTION & DETOXIFICATION INSTITUTE, LLC, a New Jersey Limited Liability Corporation, | ) ) ) ) | Case No. 11-cv-08029 |
| Plaintiff, | ) ) | Judge Edmond E. Chang |
| vs. | ) ) ) | Magistrate Judge Geraldine Soat Brown |
| DR. MARVIN "RICK" SPONAUGLE, an individual, d/b/a FLORIDA DETOX & WELLNESS INSTITUTE, | ) ) ) ) ) | |
| Defendant. | ) | |

## ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant responds to the allegations of Plaintiff's Complaint as follows:

### PARTIES

1.      Plaintiff ADI is a New Jersey limited liability corporation having an address at One South Center Street, Suite 202, Merchantville, New Jersey.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.

2.      On information and belief, Defendant Dr. Marvin "Rick" Sponaugle, an individual, owns and/or operates or otherwise does business as Florida Detox & Wellness Institute, which has an address at 32815 U.S. Highway 19, N. Palm Harbor, Florida, 34684.

**ANSWER:**

Defendant admits that the address of Florida Detox & Wellness Institute ("FDWI") is correct. Defendant denies the remaining allegations of paragraph 2.

3. On information and belief, Defendants are engaged in the operation, use, sale, and offering for sale within the United States of opiate detoxification services and methods, including, but not limited to, Anesthesia Assisted Rapid Opiate Detoxification ("AAROD"), also known as "Rapid Detox," "Rapid Opiate Detox," and "Ultra Rapid Opiate Detoxification (UROD)."

**ANSWER:**

Defendant denies that this lawsuit has been brought against multiple defendants. Defendant admits that a corporate entity doing business as FDWI performs opiate detoxification services, but denies that Defendant Sponaugle performs services in an individual capacity.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.

**ANSWER:**

Admitted.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1391(b), 1391(c), 1391(d), and 1400(b).

**ANSWER:**

Admitted.

6. On information and belief, Defendants are subject to personal jurisdiction in the Northern District of Illinois, Eastern Division (the "District"), consistent with the principles of due process, because Defendants offer their products, services, and methods for sale, and/or

do sell same, in this District, have transacted business in this district, have committed and/or contributed to and/or induced acts of patent infringement in this District.

**ANSWER:**

Denied. However, Dr. Sponaugle will not contest personal jurisdiction in this case.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), 1391(d), and 1400(b).

**ANSWER:**

Denied. However, Dr. Sponaugle will not contest venue in this case.

## PATENT INFRINGEMENT COUNTS

8. ADI is the owner of all right, title, and interest in U.S. Patent No. 5,789,411 (the " '411 patent") and in U.S. Patent No. 6,004,962 (the " '962 patent") (collectively the "ADI Patents"), which Defendants are infringing and/or are contributorily infringing and/or are inducing others to infringe by using, offering to sell, and/or selling methods and services that practice one or more inventions claimed in the ADI Patents.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 concerning ownership of the patents. Defendant denies the remaining allegations.

9. Defendants have profited through infringement of the ADI Patents. As a result of Defendants' unlawful infringement of the ADI Patents, ADI has suffered and will continue to suffer damage. ADI is entitled to recover from Defendants the damages suffered by ADI as a result of Defendants' unlawful acts.

**ANSWER:**

Denied.

10. On information and belief, Defendants' infringement of one or more of the ADI Patents is willful and deliberate, entitling ADI to enhanced damages and reasonable attorneys fees and costs.

**ANSWER:**

Denied.

11. On information and belief, Defendants intends to continue their unlawful infringing activity, and ADI continues to and will continue to suffer irreparable harm, for which there is no adequate remedy at law, from such unlawful infringing activity unless Defendants are enjoined by this Court.

**ANSWER:**

Denied.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 5,789,411

12. ADI realleges and incorporates by reference the allegations set forth in paragraphs 1-15.

**ANSWER:**

Defendant realleges and incorporates by reference its answers to paragraphs 1-15.

13. ADI is the owner of all right, title, and interest in the '411 Patent, entitled "Improvements to Rapid Opiate Detoxification," duly and properly issued by the U.S. Patent and Trademark Office on August 4, 1998. A copy of the '411 Patent is attached as Exhibit A.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to the ownership of the '411 patent. Defendant admits the '411 patent issued on August 4, 1998 and that the copy attached as Exhibit A appears to be a copy of the patent. Defendant denies the remaining allegations of paragraph 13.

14. Defendants have been and/or are directly infringing and/or inducing infringement of and/or contributorily infringing the '411 Patent by, among other things, using, selling, offering to sell in the United States methods and services that are covered by at least one claim of the '411 Patent.

**ANSWER:**

Denied.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 6,004,962

15. ADI realleges and incorporates by reference the allegations set forth in paragraphs 1 - 18.

**ANSWER:**

Defendant realleges and incorporates by references its answers to paragraphs 1-18.

16. ADI is the owner of all right, title and interest in the '962 Patent entitled "Rapid Opiod Detoxification," duly and properly issued by the U.S. Patent and Trademark Office on March 30, 1999. A copy of the '962 Patent is attached as Exhibit B.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to the ownership of the '962 patent. Defendant admits the copy attached as Exhibit B appears to be a copy of the '962 patent. Defendant denies the remaining allegations of paragraph 16.

17. Defendants have been and/or are directly infringing and/or are inducing infringement of and/or contributorily infringing the '962 Patent by, among other things, using, selling, offering to sell in the United States methods and services that are covered by at least one claim of the '962 Patent.

**ANSWER:**

Denied.

## DEMAND FOR JURY TRIAL

18. Pursuant local Rule 38(b) of the Federal Rules of Civil Procedure, ADI respectfully requests a trial by jury of all issues properly triable by jury.

**ANSWER:**

Defendant admits plaintiff seeks a trial by jury, and Defendant demands a trial by jury.

## AFFIRMATIVE DEFENSES

1. Defendant has not infringed and is not infringing, directly, indirectly, or contributorily, any valid claims of either the '411 or '962 patents.

2. One or more claims of the '411 patent are invalid under 35 U.S.C. §§ 102, 103, and/or 112.

3. One or more claims of the '962 patent are invalid under 35 U.S.C. §§ 102, 103, and/or 112.

4. Plaintiff's claims are barred in whole or in part by the doctrine of equitable estoppel.

5. Plaintiff's damages are limited by the doctrine of laches.

**COUNTERCLAIMS FOR DECLARATORY RELIEF**

1. Counterclaimant Dr. Rick Sponaugle ("Sponaugle"), by his undersigned counsel, hereby states his Counterclaims for Declaratory Relief against Addiction & Detoxification Institute, LLC ("ADI"):

**PARTIES**

2. Counterclaimant Dr. Sponaugle is a resident of and does business in Palm Harbor, Florida.

3. On information and belief, Counterclaim Defendant Plaintiff ADI is a New Jersey limited liability corporation having an address at One South Center Street, Suite 202, Merchantville, New Jersey.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over these Counterclaims under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, as well as 28 U.S.C. §§ 1331 and 1338(a).

5. By filing its Complaint, ADI has consented to personal jurisdiction in this Court.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

7. ADI's assertion that Sponaugle has infringed two patents, U.S. patents 5,789,411 and 6,004,962 ("'411" and "'962" patents, respectively) and that ADI is entitled to equitable

relief, including an injunction against Dr. Sponaugle for alleged patent infringement, and Dr. Sponaugle's answer that he does not infringe the patents and that the patents are invalid represent an actual, justiciable controversy between ADI and Dr. Sponaugle concerning alleged infringement and invalidity of the patents in suit.

**COUNTERCLAIM I**
**(Declaration of Noninfringement of the '411 Patent)**

8. Dr. Sponaugle incorporates by reference and realleges paragraphs 1-7 of these Counterclaims as though stated herein.

9. Dr. Sponaugle does not infringe and has not infringed any valid claim of the '411 patent, literally or under the doctrine of equivalents, either directly, contributorily, or by inducement.

10. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201, *et seq.*, Sponaugle is entitled to a declaratory judgment of noninfringement of the '411 patent.

**COUNTERCLAIM II**
**(Declaration of Noninfringement of the '962 Patent)**

11. Dr. Sponaugle incorporates by reference and realleges paragraphs 1-7 of these Counterclaims as though stated herein.

12. Dr. Sponaugle does not infringe and has not infringed any valid claim of the '962 patent, literally or under the doctrine of equivalents, either directly, contributorily, or by inducement.

13. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201, *et seq.*, Dr. Sponaugle is entitled to a declaratory judgment of noninfringement of the '962 patent.

## COUNTERCLAIM III
**(Declaration of Invalidity of the '411 Patent)**

14. Dr. Sponaugle incorporates by reference and realleges paragraphs 1-7 of these Counterclaims as though stated herein.

15. One or more claims of the '411 patent that ADI asserts Dr. Sponaugle infringes or has infringed are invalid under 35 U.S.C. §§ 102, 103, and/or 112.

16. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201, *et seq.*, Dr. Sponaugle is entitled to a declaratory judgment of invalidity of one or more claims of the '411 patent.

## COUNTERCLAIM IV
**(Declaration of Invalidity of the '962 Patent)**

17. Dr. Sponaugle incorporates by reference and realleges paragraphs 1-7 of these Counterclaims as though stated herein.

18. One or more claims of the '962 patent that ADI asserts Dr. Sponaugle infringes or has infringed are invalid under 35 U.S.C. §§ 102, 103, and/or 112.

19. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201, *et seq.*, Dr. Sponaugle is entitled to a declaratory judgment of invalidity of one or more claims of the '962 patent.

## PRAYER FOR RELIEF

WHEREFORE, Sponaugle prays for relief as follows:

(a) That the Court enter judgment in favor of Dr. Sponaugle and against ADI on Dr. Sponaugle's counterclaims;

(b) That the Court enter judgment in favor of Dr. Sponaugle and against ADI on ADI's claims against Dr. Sponaugle;

(c) That Dr. Sponaugle be found not to have infringed either the '411 or the '962 patent;

(d) That the '411 and '962 patents be found invalid;

(e) That the Court find this case exceptional and order ADI to pay Dr. Sponaugle's costs and attorneys' fees; and

(f) That the Court grant Dr. Sponaugle such further relief as is warranted, just and proper.

Dated: February 1, 2012.

Respectfully submitted,

By: */s/ Todd H. Flaming*
Todd H. Flaming
Kenneth E. Kraus
KrausFlaming LLC
20 South Clark Street, Suite 2620
Chicago, Illinois 60603
Telephone: 312.447.7217
E-mail: todd@krausflaming.com
Counsel for Defendant

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS was served via this Court's ECF filing system, whereupon all counsel of record were served.

Dated: February 1, 2012.

*/s/ Todd H. Flaming*
Todd H. Flaming