IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ADDICTION & DETOXIFICATION INSTITUTE, LLC, a New Jersey Limited Liability Corporation, | ) ) ) ) ) | Case No. 11-cv-08029 |
| Plaintiff, | ) ) ) | Judge John J. Tharpe, Jr. |
| v. | ) ) ) | |
| DR. MARVIN "RICK" SPONAUGLE, an individual, d/b/a FLORIDA DETOX & WELLNESS INSTITUTE, | ) ) ) ) | |
| Defendant. | ) ) | |

## AMENDED JOINT INITIAL STATUS REPORT

1. **The Nature of the Case**

   **a. Identify the attorneys of record for each party, including the lead trial attorney.**

   The attorney of record in this case is Thomas K. Mirabile acting as lead trial attorney for Plaintiff. Also entering an appearance on behalf of the Plaintiff, ADI, will be John P. Luther. The attorneys for the Defendant are Todd H. Flaming and Kenneth E. Kraus of KrausFlaming, LLC, and Cary Kappel of Davidson, Davidson & Kappel, LLC, with Todd H. Flaming acting as lead trial attorney for the Defendant. Also entering an appearance for Dr. Sponaugle, upon admission pro hac vice, will be Clifford Davidson of Davidson Davidson & Kappel, LLC.

   **b. State the basis for federal jurisdiction.**

1

This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1391 (b), 1391 (c), 1391 (d), and 1400 (b).

**c.    Describe the nature of the claims asserted in the Complaint and any counterclaims.**

Plaintiff asserts that Defendant infringes U.S. Patent 5,789,411 (the '411 patent"). Allegations of infringement of U.S. Patent No. 6,004,962 have been withdrawn. Defendant denies infringement, asserts affirmative defenses, and has counterclaimed for a declaration of non-infringement and invalidity of the patent in suit. .

**d.    State the major legal and factual issues in the case.**

The major legal and factual issues in this case are whether or not the defendant has infringed claims of the '411 patent, the Defendant's affirmative defenses (non-infringement, invalidity, laches, and equitable estoppel), and Defendant's counterclaim that the asserted patent is invalid for failure to meet conditions of patentability under 35 U.S.C. §§ 102, 103, and/or 112. Claim construction of certain terms may be needed, although it is not known at this point which, if any terms, will require construction. If the patent is found not invalid and infringed, damages and the right to an injunction will also be issues.

**e.    Describe the relief sought by the plaintiff(s).**

Plaintiff seeks damages of at least a reasonable royalty; a finding of willful infringement; treble damages and prejudgment interest; a finding that this case is exceptional to justify the award of expenses, costs, and attorneys' fees; a permanent injunction; and such relief as the Court finds just and proper.

Defendant seeks a finding of non-infringement of all asserted claims, a finding that all asserted claims of the '411 Patent are invalid; a finding that the case is exceptional,

justifying the award of expenses, costs, and attorneys' fees; and such additional relief as the Court finds just and proper.

**2.      Pending Motions and Case Plan**

   **a.      Identify all Pending Motions**

There are no pending motions presently in this case.

   **b.      Submit a proposal for a discovery plan, including the following information:**

      **i.      The general type of discovery needed;**

It is believed that this case will require fact discovery and may require expert discovery. The Northern District of Illinois Local Patent Rules are being followed, in accordance with the Court's Minute Order of February 13, 2012 (Judge Chang) as set forth in Exhibit A. The dates set forth in Exhibit A are subject to change upon mutual consent of the parties, and have been reset to accommodate the parties' initial settlement attempts. Further, notwithstanding the scheduling in Exhibit A, either party may file dispositive motions at anytime deemed appropriate by that party, and may request a Markman hearing at any time.

      **ii.      A date for Rule 26 (a)(1) disclosures;**

See proposed schedule, Exhibit A.

      **iii.      A date to issue written discovery;**

See proposed schedule, Exhibit A.

      **iv.      A fact discovery completion date;**

See proposed schedule, Exhibit A.

      **v.      If there will be expert discovery, an expert discovery completion date, including dates for the deliver of expert reports; and**

See proposed schedule, Exhibit A.

      **vi.      A date for the filing of dispositive motions.**

3

See proposed schedule, Exhibit A. Dispositive motions may be filed at any time but must be filed by the date provided in the schedule below without leave of Court.

**c.    With respect to trial, indicate whether a jury trial is requested and the probable length of trial.**

A jury trial is requested, and the length of trial is expected not to exceed one week.

**3.    Consent to Proceed Before a Magistrate Judge**

**a.    Indicate whether the parties consent unanimously to proceed before a Magistrate Judge.**

The parties do not unanimously consent to be seen before a Magistrate Judge.

**4.    Status of Settlement Discussions**

**a.    Indicate whether any settlement discussions have occurred;**

Initial settlement discussions have occurred in this case.

**b.    Describe the status of any settlement discussions; and**

Settlement discussions presently appear to be stalemated.

**c.    Whether the parties request a settlement conference.**

While settlement discussions have occurred in this case, it is believed premature as to the parties' request for a settlement conference.

            Respectfully submitted,

            By:  /s/ Thomas K. Mirabile

              Thomas K. Mirabile
              Attorney for Plaintiff

Mirabile Law Firm
1751 South Naperville Road
Suite 203
Wheaton, IL 60189
lawchicago@earthlink.net

# EXHIBIT A
# PROPOSED SCHEDULE

| | |
|---|---|
| Answer to counterclaim | completed |
| Exchange initial disclosures (LPR 2.1) | ongoing |
| Start of fact discovery (LPR 1.3) | ongoing |
| Initial infringement contentions (LPR 2.2) | ongoing |
| Initial non-infringement, unenforceability, and invalidity contentions (LPR 2.3) | August 6, 2012 |
| Initial response to invalidity contentions (LPR 2.5) | September 18, 2012 |
| Final infringement contentions and final unenforceability and invalidity contentions (LPR 3.1) | October 15, 2012 |
| Final non-infringement contentions; final response to final unenforceability and invalidity contentions. (LPR 3.2) | November 12, 2012 |
| Final date to seek stay pending re-examination. (LPR 3.5) | December 12, 2012 |
| Exchange of claim terms, proposed constructions (LPR 4.1) | January 25, 2012 |
| Meet and confer re claim terms for Court construction (LPR 4.1) | February 4, 2013 |
| Start of discovery re opinion of counsel | |
| Fact discovery (phase 1) closes (LPR 1.3) | March 28, 2013 |
| Opening claim construction brief (party opposing infringement) (LPR 4.2(a)) | April 8, 2013 |
| Joint claim construction appendix (LPR 4.2(b)) | May 7, 2013 |
| Responsive claim construction brief (party claiming infringement) (LPR 4.2(c)) | June 5, 2013 |
| Reply claim construction brief (LPR 4.2(d)) | July 3, 2013 |
| Joint claim construction statement (LPR 4.2(f)) | August 9, 2013 |
| Claim construction hearing (LPR 4.3) | At Court's discretion |
| Fact discovery (phase 2) resumes (LPR 1.3) | Upon entry of claim construction ruling |
| Opinion of counsel disclosures and discovery (LPR 3.6) | Claim construction ruling plus 7 days |
| Fact discovery (phase 2) complete | Claim construction ruling plus 42 days |
| Initial expert witness disclosures exchange (LPR 5.1(b)) | Close of fact discovery plus 21 days |
| Rebuttal expert disclosures exchange (LPR 5.1(c)) | Initial expert disclosures plus 35 |

| Expert discovery completed (LPR 5.2) | Exchange of rebuttal expert disclosures plus 35 days |
| --- | --- |
| Dispositive motions (LPR 6.1) | Close of expert discovery plus 28 days |
| Responses to dispositive motions | Filing plus 21 days |
| Replies in support of dispositive motions | Filing of responses plus 14 days |
| File final pre-trial order | Filing of dispositive motions plus 60 days |